In the Matter of INEZ K. GRAVES, Petitioner, against LYNN E. BARBER et al., Constituting the Board of Education of Nunda Central School District No. 1, Respondents.

Supreme Court, Special Term, Livingston County, November 5, 1948.

*George R. Graves* for petitioner.

*Austin W. Erwin* and *Austin W. Erwin, Jr.,* for respondents.

CRIBB, J. This is an application presented at Special Term, pursuant to article 78 of the Civil Practice Act, for a review of the proceedings of the Board of Education of Nunda Central School in discontinuing the services of the petitioner, Inez K. Graves, as a teacher in that school, and for such other and further relief as may seem proper and just.

The petitioner and the defendant board of education entered into a written agreement dated April 8, 1946, whereby the petitioner received and accepted an " appointment to the first year of a probationary period of three years commencing July 1, 1946 ", as a teacher in the elementary grades, " as provided under the Education Law of the State of New York, section 312-b, and by resolution of the Board of Education ". (The provisions of said section so far as here pertinent are now incorporated in section 3013 of the Education Law.)

At a meeting of the board of education held June 28, 1947, the following resolution was adopted: " Motion made by L. E. Barber and seconded by J. C. Harford that permission be requested from District Superintendent that services of Inez Graves be terminated ". All members were present and voted affirmatively. Thereafter the board received a letter from the district superintendent, dated July 11, 1947, which read as follows: " Pursuant to Section 312-b of the Education Law, I hereby recommend that the probationary appointment of Inez K. Graves be terminated immediately, as requested in your letter of July 10, 1947." Thereafter the petitioner received the following letter dated July 15, 1947: "Dear Mrs. Graves: Pursuant to Section 312-b of the Education Law the Board of Education

hereby terminates your probationary appointment effective immediately ''. This letter was signed: '' Delos F. Paine District Clerk ''. Following receipt of this letter by petitioner she caused her attorney to request a hearing by the board to discuss her case. At a meeting of the board on August 2, 1947, the following resolution was adopted: '' Motion made by J. C. Harford and seconded by V. R. Piper, that President Barber call George R. Graves '' (petitioner's attorney) ''and notify him that the board will not grant him a hearing to discuss the case of Inez Graves ''. The minutes of a meeting of the board on August 11, 1947, contain the following: '' George R. Graves and Inez K. Graves appeared before the Board. President Barber advised Mr. Graves that he was welcome to appear but that the Board of Education would not grant him a hearing on the case of Inez K. Graves. Mr. Graves filed petition signed by fifteen parents relative to action of Board. No action taken ''.

The foregoing items in quotation marks, so far as shown by the records before this court, contain all the resolutions and references to petitioner's case appearing on the minutes of the district clerk, except a resolution adopted September 15, 1947, which will be considered later.

Petitioner, seeking to be reinstated as a teacher by the defendant board, contends that the action of the board in terminating her services was unlawful in two respects. First, that the procedure by which the board terminated her services, even if no hearing was required, was not in accordance with the provisions of section 3013 of the Education Law. Second, that no charges were preferred against her and that the board refused to grant her a hearing.

Subdivision 1 of section 3013 of the Education Law provides for the appointment of a teacher by the board of education, upon recommendation of the district superintendent of schools, for a probationary period of not to exceed five years. It further provides that '' Services of a person so appointed to any such positions may be discontinued at any time during such probationary period, upon the recommendation of the district superintendent, by a majority vote of the board of education ''. The petitioner was serving under a probationary appointment. The first requisite to be observed in legally terminating her services was to procure the recommendation of the district superintendent. Any resolution discontinuing her services adopted by the board prior to the receipt of such recommendation would be ineffectual. In *Matter of Wohlsen* (67 N. Y. S. Dept. Rep. 44, 45 [Oct. 22, 1946]) the Commissioner of Education said: ''The statute makes

it entirely clear that the board of education has the right to discharge a professional employee during his probationary period, without charges or a trial.  *  *  *  The statute also makes it clear, however, that the recommendation of the district superintendent must precede, *in point of time,* the action of the board of education in dismissing members of the teaching staff." (Italics are mine.)

I find that petitioner's contention that it was incumbent upon the board of education to prefer charges, and grant her a hearing before her services could be terminated, is without merit. The other ground upon which she relies in this proceeding presents the question as to whether the procedure adopted by the board in discontinuing her services complied with the provisions of the statute above quoted.

We are bound by the written minutes of the district clerk which are before the court. The first resolution adopted by the board June 28, 1947, merely provided that permission be requested from the district superintendent to terminate the services of petitioner. It mentioned no date upon which the dismissal, if recommended by him, would become effective. On July 10, 1947, a letter was sent to the district superintendent requesting his permission to terminate petitioner's services, and on July 11th he wrote the board recommending that her probationary appointment " be terminated immediately ". Upon receipt of that letter the district clerk, four days later, wrote petitioner that " the Board of Education hereby terminates your probationary appointment effective immediately ". It is to be noted that up to this point the board had adopted no resolution discontinuing petitioner's services, fixing a date upon which her dismissal would become effective, or authorizing the district clerk to take any action in the matter in behalf of the board other than the implied authority contained in its first resolution that permission be obtained from the district superintendent to discontinue petitioner's services. No other action of the board in reference to petitioner's case appears in the clerk's minutes, except the resolution directing the president of the board to advise petitioner's attorney that no hearing would be granted and the record of petitioner and her attorney later coming before the board and being advised that they would not be heard, until September 15, 1947, when the board by a resolution attempted to pull itself out of an unfortunate situation—by its own bootstraps. Apparently realizing that it had failed to comply with the provisions of section 3013 of the Education Law in terminat-

ing the services of petitioner, it attempted to validate its previous actions by adopting the following resolution: " Whereas, by *action duly taken* by the Board of Education of this District on *June 28th, 1947,* it *was decided to terminate* the probationary appointment of Inez K. Graves as a teacher in this school *as of June 30, 1947,* subject to the approval of the District Superintendent, and the Clerk of this Board was then *instructed to notify* the said Inez K. Graves of such termination upon receipt of such approval, and Whereas the minutes of the meeting of such Board for June 28th, 1947, *thru inadvertance,* failed to set out the determination of the Board in full, and Whereas, the District Superintendent under date of July 11th, 1947, did approve in writing the termination of such probationary appointment, and Whereas, the Clerk of the Board did, on July 15th, 1947, notify the said Inez K. Graves that her probationary appointment had been terminated *as of June 30th, 1947,* therefore it is hereby Resolved that the probationary appointment of the said Inez K. Graves as a teacher in this school *was terminated* by the Board of Education of this District *as of June 30, 1947,* and the action of the Clerk of this Board in so notifying her of such termination is hereby approved, ratified and confirmed." (Italics supplied.)

A careful reading of this last-quoted resolution reveals its futility. By the craftily worded preamble to this resolution it is insinuated, but not specifically stated, that a resolution was duly adopted by the board on June 28, 1947, terminating the services of the petitioner as of June 30, 1947, and directing the clerk to notify her of such action—all subject to the " approval " of the district superintendent. The law does not provide that such action may be taken *subject to the approval* of the district superintendent, but rather upon his *recommendation.* The resolution further states that " thru inadvertance " the minutes of the meeting failed to " set out out the determination of the Board in full ". It is significant that the preamble does not set forth any alleged formal resolution or state that one was adopted. It only states that " by action duly taken  *  *  *  on June 28th, 1947, it was decided to terminate the probationary appointment  *  *  *  as of June 30, 1947, subject to the approval of the District Superintendent ". This is the first time that June 30th appears as the effective date of the termination in any recorded action of the board. Reviewing all of the facts before the court, the only reasonable conclusion is that the board took no formal action on June 28th other than to adopt the resolution requesting

permission from the district superintendent to terminate petitioner's services.

Counsel for defendants state in their brief that " there is no question about the feeling of the Board when the letter was written by the Clerk under date of July 15th notifying petitioner that her services had been terminated ". That may be true and undoubtedly the board at the meeting of June 28th discussed petitioner's case and may have " decided " to terminate her services if the district superintendent so recommended. However, such feelings and discussions of the board are ineffectual until they are embodied in a formal resolution duly adopted by a majority vote of the board, *after* the recommendation of the district superintendent has been obtained (*Matter of Wohlsen, supra*). The clerk's minutes show no such action nor do the respondents now assert the adoption of any resolution specifically terminating petitioner's services. By its resolution of September 15th, after the more or less vague recitals in the preamble, the board resolved " that the probationary appointment of the said Inez K. Graves as a teacher in this school was terminated by the Board of Education of this District as of June 30, 1947 ". Such was not the fact and a subsequent declaration of the board does not remedy the situation. Furthermore, if the board did adopt such a formal resolution on June 28th, that was *before* the recommendation of the district superintendent had been received or even requested. I find no evidence in the record that the board ever adopted a resolution discontinuing the probationary appointment of Inez K. Graves as a teacher in its school. If the statute provided for the discontinuance of a probationary appointment *subject to the approval of the district superintendent,* and if the board had adopted a formal resolution to that effect, its situation now would be entirely different. But such is not the law or the fact. The petitioner should be afforded the relief sought.

An order may be entered in accordance with this decision directing the respondents to reinstate the petitioner as a teacher in their school and pay her the salary she should have received, less earnings received by her in any employment since the terminal date of the period for which she has received a salary as a teacher in said school.